## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

JESSICA DENNISON,

      Plaintiff,

vs.                                                                        No. Civ. 08-0804 LH/ACT

GLENN SLAUGHTER, in his individual capacity,

      Defendant.

### MEMORANDUM OPINION AND ORDER

On May 31, 2006, Plaintiff Jessica Dennison filed a Motion to Remand (Doc. 8). The Court, having reviewed the briefs, the relevant law, and otherwise being fully advised, finds that Plaintiff's motion should be denied.

**I.    BACKGROUND**

Plaintiff filed a "Complaint for Damages for Violations of the New Mexico Tort Claims Act" in the State of New Mexico's First Judicial District Court against Defendant Glenn Slaughter and others on February 29, 2008. *See* Doc. 7-2 at 25. On July 11, 2008, Plaintiff filed an "Amended Complaint for Damages for Violations of the New Mexico Tort Claims Act and 42 U.S.C. Section 1983" in state court against only Defendant Glenn Slaughter. *See* Doc. 1-2. The Amended Complaint alleges that Defendant Slaughter was an officer with the New Mexico Department of Public Safety and at all times "was acting within the scope of his duties as well as under color of law." *Id.* at 1. The Amended Complaint expressly states, "He is sued in his individual capacity." *Id.* The caption of the amended complaint similarly lists "GLENN SLAUGHTER, in his individual capacity." *Id.* In addition to asserting a state claim for false imprisonment under the New Mexico Tort Claims Act ("NMTCA"), Plaintiff asserted a new claim for First Amendment retaliation in

violation of 42 U.S.C. § 1983.  *Id.* at 4.

On September 4, 2008, Defendant Slaughter filed a Notice of Removal, asserting federal question jurisdiction based on the face of Plaintiff's Amended Complaint.  *See* Doc. 1.  On October 6, 2008, Plaintiff filed a Motion to Remand.  Doc. 8.

## II. STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

"[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."  *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).  If a plaintiff amends her otherwise non-removable complaint to add a federal claim, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading. . . ."  28 U.S.C. § 1446(b).

## III. DISCUSSION

### A. Motion to Remand was Timely Filed

Defendant argues that Plaintiff's Motion to Remand is untimely because it was filed 32 days after Defendant filed his Notice of Removal.  A motion to remand based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

removal. *See* 28 U.S.C. § 1447(c). The Notice was filed on September 4, 2008. The thirtieth day after the filing of the notice fell on Saturday, October 4, 2008. Under Federal Rule of Civil Procedure 6(a)(3), when the last day of the period is a Saturday, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible. Fed. R. Civ. P. 6(a)(3). Accordingly, Plaintiff's motion to remand was timely filed on Monday, October 6, 2008.

### B. Removal of Case was Proper

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court of which the federal courts have original jurisdiction. Section 1331 provides the basis for federal-question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine the presence or absence of federal-question jurisdiction, courts must look to the plaintiff's well-pleaded complaint to determine the plaintiff's statement of his own claim. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002); *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must establish either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Holmes*, 535 U.S. at 830.

Plaintiff has conceded that "removal was proper as to Plaintiff's claims under 42 U.S.C. § 1983 and [the] NMTCA, to the extent that they are brought against Defendant Slaughter in his individual capacity." Pl.'s Reply (Doc. 15) at 3. The Court agrees. The Eleventh Amendment does not erect a barrier against § 1983 suits against state officials in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Because Plaintiff has alleged a cause of action created by a law of the United States, this Court has original jurisdiction over the federal claim, and Defendant

properly removed the claim to this Court.

Congress has also granted federal courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1441(c) provides that when a federal claim "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

In this case, both Plaintiff's § 1983 and NMTCA claims arise from Defendant's alleged detention and handcuffing of Plaintiff during the execution of a search warrant at Plaintiff's place of employment. *See* Doc. 1-2 at 2-4. The NMTCA claim is thus sufficiently related to the § 1983 claim to convey supplemental jurisdiction. Plaintiff nonetheless contends that her NMTCA claims "to the extent that they are against [Defendant] in his official capacity," *see* Pl.'s Mot. (Doc. 8) at 3, cannot be brought in federal court, because the NMTCA limits the State of New Mexico's consent to be sued to suits brought in state district courts. She thus argues that the Court should decline its supplemental jurisdiction and remand her entire case in the interest of judicial economy.

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (citing *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)). The Eleventh Amendment, however, does not bar actions in federal court against state officials sued in their individual capacities. *See Hafer*, 502 U.S. at 30-31. Moreover, a state may waive its Eleventh Amendment immunity and consent to be sued. *Bishop*, 902 F.2d at 810. The NMTCA has waived the State's sovereign immunity for certain torts

4

against law enforcement officers, *see* N.M.S.A. § 41-4-12, but it limits the State's consent to be sued to actions commenced in state district courts, *see* N.M.S.A. § 41-4-18(A) ("Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico."). This limitation of federal court jurisdiction, however, is unconstitutional to the extent it attempts to preclude federal courts from exercising jurisdiction over NMTCA claims that are not protected by the Eleventh Amendment. *See Wojciechowski v. Harriman*, 607 F.Supp. 631, 633-35 (D.N.M. 1985) (holding that § 41-4-18(A) may limit federal court's jurisdiction over tort claims against the state, but that it is unconstitutional to limit federal jurisdiction over claims against counties and municipalities unprotected by Eleventh Amendment).

Defendant is an employee of a state agency, the Department of Public Safety, and as such NMTCA claims against him in his official capacity are barred in federal court by the Eleventh Amendment. Plaintiff thus argues that the entire case should be remanded. The Court rejects Plaintiff's argument for two reasons. The first fundamental error in Plaintiff's argument that precludes granting her motion is that the Amended Complaint does not allege a claim against Defendant Slaughter in his *official* capacity. The caption reads "GLENN SLAUGHTER, in his *individual* capacity." (Emphasis added). The body of the Amended Complaint similarly states that Defendant "is sued in his *individual* capacity." (Emphasis added). Plaintiff has simply not alleged a claim against Defendant in his official capacity. This Court need not remand a non-existent claim. Second, even had Plaintiff asserted an official capacity claim barred by the Eleventh Amendment, that does not require remand of the entire case, only the barred claim. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392-93 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us.

A federal court can proceed to hear those other claims. . . .").

### C. Court Will Exercise Supplemental Jurisdiction

Alternatively, Plaintiff argues that this Court should decline supplemental jurisdiction over the NMTCA claim because Defendant may raise a qualified immunity defense that presents novel issues of state law. Indeed, a district court may decline to exercise supplemental jurisdiction over a state claim that raises "a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). This Court, however, concludes that the issues raised in this case are not so novel or complex that it should remand to the state courts based on comity and federalism concerns. The Court will exercise its supplemental jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 8)** is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE